David K. W. Wilson, Jr.
MORRISON, MOTL and SHERWOOD, PLLP
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
kwilson@mmslawgroup.com

Channing Hartelius
HARTELIUS, DUROCHER & WINTER, P.C.
P.O. Box 1629
Great Falls, MT 59403
(406) 727-4020
chartelius@mtlawyers.net

*Attorneys for Plaintiff Charles Stevenson*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHARLES STEVENSON, | Cause No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| LVNV FUNDING, LLC, *assignee of GE Capital,* | |
| Defendant. | |

COMES NOW Plaintiff, Charles Stevenson, through counsel, and, for cause of action against Defendant LVNV Funding, LLC, states the following:

1

## I.     PARTIES

1. Plaintiff Charles Stevenson is a citizen of Cascade County, Montana.

2. Defendant LVNV Funding, LLC (LVNV) is a South Carolina corporation, located at 200 Meeting Street, Suite 206, Charleston, SC 29401.  It is not licensed to do business in Montana.  It does business in Montana, however, including filing lawsuits through a Montana law firm.

## II.    JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331.  Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.  Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

4. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendant conducts affairs and transacts business in this District, and a significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court

## III.   FEDERAL QUESTION -- SUBJECT MATTER JURISDICTION

5. Plaintiff Charles Stevenson is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) in that he is alleged, by LVNV, to owe a "debt" as defined by 15 U.S.C. 1692a(5).

6. Defendant LVNV used interstate commerce and/or the mail for the collection of debts.

7. The principle purpose of LVNV's business is the collection of debts.

8. Defendant LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Defendant LVNV is a "debt collector" as defined by FDCPA, 15 U.S.C §1692a(6).

10. This Court has jurisdiction over this case pursuant to 15 U.S.C. §1692.

## IV.   FACTS

11. Mr. Stevenson does not owe, and has never owed, GE Capital any money, and has never had an account or credit card with GE Capital.

12. Prior to the events described below, LVNV had made no prior effort to collect the debt from Mr. Stevenson.

13. On September 27, 2010, LVNV filed suit against Charles Stevenson in the Montana Eighth Judicial District Court, Cascade County (Cause No. 10-0881) to collect $9,076.42 that LVNV purported he owed for a "Prime Direct Consumer" credit card.  Mr. Stevenson has never had such a card.

14. Mr. Stevenson hired counsel to answer the Complaint.

15. On December 6, 2010, Mr. Stevenson's counsel served LVNV with discovery seeking verification and documentation of the purported debt.

16. On January 23, 2011, LVNV's counsel sent Mr. Stevenson's counsel a letter informing him that LVNV was unable to provide him with documentation of the debt, and sent along a Stipulation for Dismissal with prejudice. The parties signed it and the case was dismissed on January 24, 2011.

17. Mr. Stevenson has been harmed by LVNV's efforts to collect a debt from him that he does not owe, and has had to hire counsel to pursue this matter.

### V.   COUNT ONE -- VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. The previous paragraphs are realleged as though set forth in full hereunder.

19. LVNV violated the Fair Debt Collection Practices Act (FDCPA). Its violations include, but are not limited to:

   a. Seeking to collect a debt which it is not legally entitled to and which is not expressly authorized because Mr. Stevenson does not owe LVNV any money.

   b. Falsely representing the character and legal status of the purported debt by claiming Mr. Stevenson owed it pursuant to a "Cardmember Agreement and Disclosure Statement" when such was not the case.

    c.    Failing to provide Mr. Stevenson the opportunity to dispute the validity of the debt.

    20.    LVNV violated the FDCPA, including but not limited to 15 U.S. C. §§ 1692e and 1692f, and 1692g.

    21.    As a result of the foregoing violations of the FDCPA, LVNV is liable to Mr. Stevenson for declaratory relief that its conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees under 15 U.S.C. § 1692 k.

## VI.  COUNT TWO -- MALICIOUS PROSECUTION

    22.    The previous paragraphs are realleged as though set forth in full hereunder.

    23.    LVNV filed the collection lawsuit against Mr. Stevenson without any reasonable basis to believe that he owed the debt that it was attempting to collect. It was only after the lawsuit was commenced that LVNV conducted an investigation sufficient to demonstrate that Mr. Stevenson did not owe the money sought.

    24.    In order to sustain a claim for malicious prosecution in Montana, a Plaintiff must prove: (1) that a judicial proceeding was commenced against the Plaintiff; (2) the Defendant was responsible for instigating and prosecuting the proceeding; (3) there was a lack of probable cause for Defendants' acts; (4) the Defendant was actuated by malice; (5) the judicial proceeding terminated

favorably for the Plaintiff; and (6) the Plaintiff suffered damage. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, Ninth Circuit Court of Appeals, No. 09-35767 (March 4, 2011).

25. LVNV is guilty of malicious prosecution and Mr. Stevenson is entitled to damages.

## VII. COUNT THREE -- PUNITIVE DAMAGES

26. The previous paragraphs are realleged as though set forth in full hereunder.

27. As set forth above, LVNV acted with actual malice and actual fraud toward Mr. Stevenson.

28. LVNV had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Mr. Stevenson and proceeded to act in conscious or intentional disregard of, or indifference to, the high probability of injury to him.

29. Punitive damages are warranted under § 27-1-221 for the malice theory set forth above.

WHEREFORE, Mr. Stevenson prays for the following relief:

1. For actual damages;

2. For actual and statutory damages, pursuant to 15 U.S.C. § 1692 k.

3. For punitive damages, pursuant to § 27-1-221, MCA;

4. For costs and attorney's fees, pursuant to 15 U.S.C. § 1692 k.

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Mr. Stevenson hereby demands a trial by jury of the issues triable by right by jury.

DATED this 5th day of May, 2011.

> By: /s/ David K. W. Wilson, Jr.
> David K. W. Wilson, Jr.
> Morrison, Motl and Sherwood, PLLP
> *Attorney for Plaintiff*